**In re Eugene V. ANDREYEV and Galina Andreyev, Debtors.**

**Galina Andreyev, Appellant,**

v.

**First National Bank of Omaha, Appellee.**

**BAP No. EC–03–1542–PBS.**

**Bankruptcy No. 02–30432–B–7.**

**Adversary No. 02–2613–B.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued on May 13, 2004 at Sacramento, California.

Submitted on June 28, 2004.

Filed July 28, 2004.

Galina Andreyev, Citrus Heights, CA, Pro se.

Dennis Winters, Winters Law Firm, Santa Ana, CA, for First National Bank of Omaha.

Before PERRIS, BRANDT and SMITH, Bankruptcy Judges.

## OPINION

Debtor appeals entry of a consent judgment of nondischargeability against her for $1,000, based on credit card charges made shortly before she filed a chapter 7 petition.[1] Because the bankruptcy court erred

---

1. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

in approving a settlement that led to entry of the judgment, we REVERSE AND RE-MAND.

## FACTS

Debtor filed a chapter 7 petition in September 2002. First National Bank of Omaha (plaintiff) filed a complaint in December 2002, seeking a determination that charges of approximately $4,500 on debtor's bank credit card are nondischargeable for fraud under § 523(a)(2)(A). The trial was originally set for May 6, 2003. On May 6, the trial was reset for June 3, 2003, apparently based on a possible settlement of the adversary proceeding. On June 3, the court reset the trial for July 16, 2003, still awaiting the stipulation. On July 16, the trial was continued to September 10, 2003. The docket notes that plaintiff was to file a motion to approve the settlement, which also would be heard on September 10.

Plaintiff filed a motion to approve the settlement, which represented that debtor had offered to settle for $1,000, that plaintiff had accepted the settlement offer, but that debtor had failed to sign the consent judgment or to respond to plaintiff's inquiries. Debtor did not respond to the motion to approve the settlement, and did not appear at the September 10 hearing.

At the September 10 hearing, the court approved the settlement for $1,000 and said that it would enter the stipulated judgment, rendering the trial moot. On September 16, 2003, the court entered the stipulated judgment, which was not signed by debtor, and the order approving the settlement.

On September 10, 2003, after the time set for the trial, debtor filed a motion for reconsideration in which she said that she had been 10 to 15 minutes late for the September 10 hearing due to a medical condition and that she wanted a trial on the complaint.

Debtor appeared for. the court's hearing on debtor's motion to reconsider. She told the court that she never agreed to the settlement and that she had missed the September 10 hearing because she had gone to the wrong courtroom, where she had been informed the hearing would be held, but no one was there. The court denied the motion, concluding that debtor had known the time, date and courtroom for the hearing, that she admitted she had been late for the hearing, and that she had failed to file any opposition to the request to approve the settlement and enter the consent judgment.

Debtor appeals.

## ISSUE

Whether the bankruptcy court abused its discretion in approving the settlement and entering the consent judgment.

## STANDARD OF REVIEW

We review the bankruptcy court's approval of the settlement for abuse of discretion. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir.1987). The court has no discretion to enforce a settlement where there are facts in dispute; the court must hold a hearing. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994).

## DISCUSSION

The bankruptcy court approved the purported settlement in this adversary proceeding based on plaintiff's representation that debtor's husband was authorized to negotiate on debtor's behalf and had made an offer to settle for $1,000, which plaintiff accepted, and on the court's apparently mistaken impression that debtor had already performed pursuant to the settle-

ment. Transcript of September 10, 2003 hearing at 3:9–10.

■■■ It was plaintiff's burden, as the party seeking to enforce the settlement agreement, to prove that an agreement existed. 15A Am.Jur.2d "Compromise and Settlement" § 57 (2000). However, plaintiff did not provide any competent evidence that debtor's husband had authority to negotiate the settlement, that debtor herself had made an offer to settle, or that debtor had agreed to the alleged settlement. Although a party may authorize another to negotiate a settlement on the party's behalf, the evidence in this case falls far short of establishing that debtor's husband had either actual or apparent authority to act on her behalf. The only mention of the circumstances of the purported agreement is contained in plaintiff's declaration in support of its Motion to Approve Settlement, in which plaintiff states that, "Prior to the trial, Defendant made an offer to settle, the terms of which are reflected in Exhibit '1'." Declaration Re: Plaintiff's Motion to Approve Settlement at 1. Exhibit 1 is a copy of a letter sent from counsel for plaintiff to debtor, in which he says, "The Plaintiff accepted your settlement offer of May 5, 2003, conveyed by your husband, who you authorized to negotiate on your behalf . . . ." Declaration of Dennis Winters at ¶ 3. That is not competent evidence that debtor authorized her husband to negotiate on her behalf or to enter into an agreement to settle.

Further, there is no evidence that debtor had performed the settlement. In fact, the letters to debtor attached to plaintiff's motion to approve the settlement showed that debtor had not responded to plaintiff's requests for payment as late as July 2, 2003.

■■■ On debtor's motion for reconsideration, plaintiff argued that debtor had failed to oppose the motion for settlement and, therefore, under Local Rule 9014–1(f)(1)(ii), she had waived any opposition to the motion. Even in the absence of any opposition to plaintiff's motion, however, plaintiff had to come forward with a showing that debtor had agreed to the settlement. Plaintiff failed to prove any agreement by debtor to the settlement. Accordingly, debtor's lack of opposition does not support the court's ruling.

Plaintiff argues that debtor's failure to appear at the hearing on the motion to approve settlement supports the court's entry of judgment. This was not a default judgment or judgment entered as a sanction for debtor's failure to appear. The court entered the judgment based on its understanding that debtor had agreed to the settlement and that the settlement had been performed. In light of the absence of any showing that debtor had agreed to entry of a judgment of nondischargeability, the court abused its discretion in approving the settlement and entering the judgment. The fact that the court appears to have relied on a mistake of fact, that is, that the settlement had been performed, further supports reversal.

### CONCLUSION

The bankruptcy court abused its discretion in approving the settlement. Therefore, we REVERSE AND REMAND.

BRANDT, Bankruptcy Judge, concurring.

I join in the foregoing, but write separately to point out another reason why we must reverse: a stipulation to nondischargeability is a reaffirmation agreement, requiring court approval in accordance with 11 U.S.C. § 524 when the debtor/defendant, as Ms. Andreyev here, is unrepresented:

- that section is to be broadly construed, *In re Bennett*, 298 F.3d 1059, 1067–68 (9th Cir.2002);

- governs when the new agreement (i.e., the settlement or "consent judgment") is based in part on discharged debt, *In re Lopez*, 345 F.3d 701, 707–709 (9th Cir.2003); and

- Andreyev's debt to the bank is discharged, 11 U.S.C. § 727(b), unless and until the bankruptcy court determines to the contrary, § 523(c), which in this instance is the judgment on review: there was no prior determination of non-dischargeability, as in *In re Martinelli*, 96 B.R. 1011 (9th Cir. BAP 1988).

The Code requires, in § 524(d):

[I]f the debtor desires to make [a reaffirmation agreement] and was not represented by an attorney during the course of negotiating such agreement, then *the court shall hold a hearing at which the debtor shall appear in person* and at such hearing the court shall—

(1) inform the debtor—

(A) that such an agreement is not required under this title, under non-bankruptcy law, or under any agreement not made in accordance with the provisions of subsection (c) of this section; and

(B) of the legal effect and consequences of—

(i) an agreement of the kind specified in subsection (c) of this section; and

(ii) a default under such an agreement; and

(2) determine whether the agreement that the debtor desires to make complies with the requirements of subsection (c)(6) of this section, if the consideration for such agreement is based in whole or in part on a consumer debt

that is not secured by real property of the debtor.

(Emphasis added.)

Subsection (c)(6)(A) requires the bankruptcy court, in order to approve a reaffirmation, and hence the "settlement" here (even if the deficiencies pointed out in the foregoing were remedied), to find it

(i) [does] not impos[e] an undue hardship on the debtor or a dependent of the debtor; and

(ii) [is] in the best interest of the debtor[,]

and to do so after a hearing at which the unrepresented debtor/defendant appears *in person,* and is advised by the judge of the voluntary nature of reaffirmation, and of the legal effect and consequences of reaffirming. Since the debt is otherwise discharged, I do not see how the settlement could be found "in the best interest of the debtor" unless the plaintiff bank can show, with competent evidence, each element of its causes of action. That will require evidence of actual intent to defraud with respect to the bank's § 523(a)(2)(A) action, and of the luxury nature of the goods and services purchased under § 523(a)(2)(C).

None of that occurred here: no hearing attended by debtor, no advice from the judge to the debtor, no showing of a prima facie case. Approving the "settlement" and entering the "consent" judgment without requiring compliance with the statutory requirements for reaffirmation reflects an erroneous view of the law, which is an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).