In re Anthony MARTINELLI and
Linda S. Martinelli, Debtors.

Anthony MARTINELLI and Linda S.
Martinelli, Appellants,

v.

VALLEY BANK OF
NEVADA, Appellee.

BAP No. NV–88–1380–ASVR.

Bankruptcy No. BK–S 85–00936 RCJ.

Adv. No. ADV–S 85–0125.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Nov. 16, 1988.

Decided Dec. 16, 1988.

Christopher G. Gellner, Las Vegas, Nev., for appellants.

Candace C. Carlyon, Waldman, Gordon & Silver, Ltd., Las Vegas, Nev., for appellee.

Before ASHLAND, VOLINN and RUSSELL, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

Anthony and Linda Martinelli (Martinellis) appeal the bankruptcy court's denial of their motion to set aside a stipulated judgment under Fed.R.Civ.P. 60(b). We affirm.

## FACTS

In April 1985, the Martinellis borrowed $13,000 from the Convention Center branch of Valley Bank and executed a promissory note for the same. The loan was originally applied for in February 1985, at the Decatur branch of Valley Bank. The proceeds of the loan were to be used to infuse operating capital into a restaurant that the Martinellis owned. The loan officer at the Decatur Branch requested a letter outlining the purpose of the loan and a financial statement for both the Martinellis and their restaurant. The Decatur branch was unable to make the loan because the Martinellis did not meet the bank's requirements for such a loan.

**1012**

Several weeks later, the Martinellis met with a vice president from Valley Bank's Convention Center branch at their restaurant. The Martinellis explained that they had been turned down for a loan at another branch of Valley Bank. The vice president indicated that he would look into the matter, and had the original loan papers transferred to the Convention Center Branch. Two weeks later the vice president at the Convention Center Branch phoned the Martinellis and told them they did not qualify for a loan, but that he was going to approve the loan for a reduced amount ($13,-000).

The Martinellis filed a Chapter 7 petition in June 1985, three months after receiving the loan. Valley Bank filed a complaint alleging that the loan was nondischargeable under 11 U.S.C. § 523(a)(2)(B). Valley Bank alleges that the financial statement provided by the Martinellis was materially false because one of the Martinellis' cars was overvalued and an encumbrance against the car was not listed. In addition, the Martinellis did not list the back rent they owed on their restaurant. Valley alleges that it relied on the statement and the statement was made with intent to deceive.

The Martinellis, on advice of counsel, stipulated to a judgment whereby the debt together with interest and attorneys' fees was determined to be nondischargeable. The stipulation provided for a payment schedule. The Martinellis made several payments, and then defaulted on the payment schedule. Valley Bank moved for a judgment pursuant to the terms of the stipulation. The Martinellis argue that the stipulated judgment should be set aside under Rule 60(b). The Martinellis allege that they were told by their former counsel that Valley Bank's claim was strong, that their defenses were weak, and that if they did not settle they might go to jail. The Martinellis assert that because their former attorney provided erroneous advice, and because they had meritorious defenses to the complaint for nondischargeability, they received ineffective assistance of counsel and the stipulated judgment should be set aside. They also argue that the stipulated

judgment should be set aside because it was entered without notice and a hearing as required by 11 U.S.C. § 523(c), and that the stipulated judgment failed to meet the requirements for reaffirmation of a dischargeable debt under 11 U.S.C. § 524(c) and (d).

## ISSUES

1. Did the bankruptcy court abuse its discretion by refusing to set aside the stipulated judgment under Fed.R.Civ.P. 60(b)?

2. Did the entry of the stipulated judgment comply with the notice and hearing requirements contained in § 523(c)?

3. Did the stipulated judgment comply with the requirements for reaffirmation of a dischargeable debt under § 524(c) and (d)?

## STANDARD OF REVIEW

■ Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the trial court and will not be reversed absent some abuse of discretion. *Thompson v. Housing Auth. of the City of Los Angeles*, 782 F.2d 829, 832 (9th Cir.1986). A bankruptcy court order approving an application to compromise a controversy is also reviewed under an abuse of discretion standard. *In re A & C Properties*, 784 F.2d 1377, 1380 (9th Cir. 1986). A trial court abuses its discretion if it employs erroneous legal standards or bases its decision upon erroneous legal premises. *SEC v. Carter Hawley Hale Stores, Inc.*, 760 F.2d 945, 947 (9th Cir. 1985).

## DISCUSSION

In seeking relief from the bankruptcy court's judgment the Martinellis rely primarily on Rule 60(b)(6), which states:

(b) ... On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other

reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b)(6).

■ The burden is on the Martinellis to bring themselves within the provisions of Rule 60(b)(6). *In re Salem Mortgage, Co.,* 791 F.2d 456, 459 (6th Cir.1986). Generally, relief from judgment for "any other reason" under Rule 60(b)(6) should be used only in exceptional or extraordinary circumstances. *Id.; United States v. Sparks,* 685 F.2d 1128, 1130 (9th Cir.1982); *Boughner v. Secretary of Health, Education and Welfare,* 572 F.2d 976, 977–78 (3rd Cir. 1978). Moreover, an appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment. *United States v. Cirami,* 535 F.2d 736, 741 (2nd Cir.1976); 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.30[3] (2d ed. 1983).

In this case the bankruptcy court found that the Martinellis' attorney had not improperly advised them, and that the agreement should not be set aside on that basis. Even though the Martinellis might have meritorious defenses that could possibly prevail at trial, the record contains sufficient evidence from which the bankruptcy court could have concluded that the Martinellis did in fact file false financial statements with the requisite materiality, reliance and intent so as to render the debt nondischargeable. The Martinellis admit overvaluing the car by $14,500, and omitting the $17,000 encumbrance against the car, and omitting a $6,000 liability for back rent. Furthermore, in the stipulation itself the Martinellis concede the remaining elements of a nondischargeable debt.

■ Since the trial court could have found the debt nondischargeable based on the record in this case, it is incumbent on the Martinellis to demonstrate the exceptional or extraordinary circumstances that warrant relief. To this end, the Martinellis argue that the advice provided by former counsel was erroneous. An attorney's error generally comes within the scope of Rule 60(b)(6) even though it does not constitute excusable neglect under Rule 60(b)(1). *Solaroll Shade and Shutter v. Bio Energy Systems,* 803 F.2d 1130, 1133 (11th Cir.

1986) (and the cases cited therein). However, even if the advice provided by former counsel were erroneous, it would not be sufficient to require relief from judgment under Rule 60(b)(6). The error committed by counsel must raise to the level of gross neglect or other such exceptional circumstances and the client must generally have been diligent despite his attorney's lapses. *Id.* The Martinellis have demonstrated neither gross misconduct by counsel nor their own diligence. The argument propounded by the Martinellis is essentially that their former attorney misapprehended the strength of their defenses to the nondischargeability complaint. Even if correct, this does not constitute gross neglect. The Martinellis also allege that their former attorney told them they might go to jail if they did not settle the case. This fact is directly controverted by the affidavit of the Martinellis' former attorney and the court was entitled to find that the Martinellis were not so advised by their counsel. The affidavit of the Martinellis' former attorney indicates that the entire agreement was explained to the Martinellis by himself and opposing counsel, and that the primary consideration for the settlement was the avoidance of costly litigation. Simply stated, there were sufficient legal issues and facts in controversy to warrant a settlement so that compromise of the case did not constitute gross misconduct by counsel.

■ The Martinellis next argue that the bankruptcy court did not comply with the notice and hearing requirements under § 523(c). Section 523(c) provides:

(c) ... The debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6) as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c).

Section 102(1) further defines the notice and hearing requirements used throughout the code:

In this title—

(1) "after notice and a hearing," or a similar phrase—

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

(B) authorizes an act without an actual hearing if such notice is given properly and if—

(i) such a hearing is not requested timely by a party in interest; .

11 U.S.C. § 102(1)(A) & (B).

Section 102(1)(B) authorizes acts by the court without an actual hearing unless a hearing is timely requested. The record does not indicate that the Martinellis ever requested an evidentiary hearing on the stipulated judgment. Furthermore, in the absence of factual disputes, the court need not hold an evidentiary hearing to determine the dischargeability of a debt. *Matter of Crimmins*, 406 F.Supp. 282, 285 (S.D.N.Y.1975).

■ Finally, the Martinellis argue that the stipulated judgment did not comply with the requirement for reaffirmation of a dischargeable debt under § 524(c) and (d). As the bankruptcy court noted in its Memorandum Decision, § 524 does not apply to the stipulated judgment in this case. Section 524(c) states:

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a *debt that is dischargeable* in a case under this title is enforceable only to the extent enforceable under applicable non-bankruptcy law....

11 U.S.C. § 524(c) (emphasis added).

Section 524(c) by its express terms only applies to debts that are dischargeable. In this case, the stipulated judgment entered into by the parties provided that the debt was nondischargeable. Thus, where the parties have stipulated that the debt is nondischargeable, the provisions of § 524(c) are not applicable.

## CONCLUSION

The bankruptcy court did not abuse its discretion by refusing to set aside the stip-

ulated judgment under Rule 60(b). Furthermore, the provisions of § 523(c) were complied with, and § 524(c), by its terms, is not applicable to the stipulated judgment in this case. The judgment of the bankruptcy court is therefore affirmed.