In re Carlos A. NEGRETE and Patricia L. Negrete, dba Hazel Ridge Bicycle Center, Debtors.

**Bruce B. ALEXANDER, Appellant,**

v.

**Richard E. BLEAU, Trustee; and U.S. Trustee, Appellees.**

BAP No. EC–94–1102–ROV.
Bankruptcy No. 91–22367–A–7.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 23, 1995.

Decided April 25, 1995.

Bruce B. Alexander, Sacramento, CA, for appellant.

Richard E. Bleau, Orangevale, CA, U.S. Trustee, Sacramento, CA, for appellees.

Before RUSSELL, OLLASON and VOLINN, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

Counsel for chapter 11 [1] debtors and debtors in possession filed a second interim fee application [2] following conversion of the case to chapter 7 and appointment of a chapter 7 trustee (the "trustee"). The bankruptcy court denied the fee application in its entirety and directed counsel to turn over to the trustee the retainer which counsel had received from the debtors prior to the filing of the petition. Counsel filed a motion for reconsideration, which the bankruptcy court denied. Counsel appealed the denial of the reconsideration motion. We AFFIRM.

## I. FACTS

On March 29, 1991, appellant Bruce B. Alexander, Attorney at Law ("Alexander" or "counsel"), filed a chapter 11 petition on behalf of the debtors, Carlos A. Negrete and Patricia L. Negrete, dba Hazel Ridge Bicycle Center (the "Negretes" or the "debtors"). Alexander filed a motion for approval of his employment as the Negretes' bankruptcy counsel in mid-April 1991, which the bankruptcy court granted.

The Office of the United States Trustee filed a motion to dismiss or convert the case to chapter 7 in January 1992, which the debtors opposed. Following a hearing on the United States Trustee's motion on February 3, 1992, the bankruptcy court converted the case to chapter 7 and appointed a trustee.

Following conversion to chapter 7, Alexander filed a first application for interim compensation. On February 27, 1992, the bankruptcy court denied that application without prejudice. The order denying the application stated that the application would be considered upon the filing of a first and final account by the trustee.

On August 4, 1993, Alexander filed a second application for interim compensation (the "second fee application"), despite the fact that the trustee had not yet filed his first and final account. The trustee and the United States Trustee filed objections to the second fee application.

---

1. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101—1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001—9036.

2. Appellant refers to each of his fee applications throughout his Appellant's Brief as a fee "motion." For purposes of accuracy, each of those documents is referred to herein as a fee "application."

On September 8, 1993, the bankruptcy court entered its order which denied the second fee application in its entirety, and directed Alexander to turn over to the trustee the entire retainer which Alexander had received from the debtors plus accrued interest, less the fee paid for filing the bankruptcy petition (the "fee order").

On December 17, 1993, Alexander filed a motion for reconsideration of the fee order. Following a hearing on the motion on January 10, 1994, the bankruptcy court entered its order denying the reconsideration motion on January 14, 1994. Alexander timely filed a notice of appeal of the order denying the motion for reconsideration.

## II. ISSUE

Whether the bankruptcy court abused its discretion in denying counsel's motion for reconsideration.

## III. STANDARD OF REVIEW

■ A bankruptcy court's denial of a motion for reconsideration is reviewed for an abuse of discretion. *In re Cleanmaster Industries, Inc.*, 106 B.R. 628, 630 (9th Cir. BAP 1989); *In re Martinelli*, 96 B.R. 1011, 1012 (9th Cir. BAP 1988).

## IV. DISCUSSION

Counsel's motion for reconsideration failed to state the Code section or Rule upon which he based his request for relief from the fee order. The bankruptcy court noted that fact in its order denying the motion for reconsideration, stating as follows:

It is not clear under what rule or code section [Alexander] is proceeding for he does not so state. But not having filed this motion within 10 days of the entry on docket of the prior [fee] order, his time for appeal has expired as has the time for proceeding under F.R.C.P. § 59. Assuming that the motion is meant to be under F.R.C.P. § 60(b), the Court can find no reason justifying relief from the [fee] order.

■ Where the time for appeal has expired, a motion for reconsideration should be construed as a motion for relief from a judgment under Fed.R.Civ.P. 60(b). *In re Cleanmaster Industries, Inc.*, 106 B.R. 628, 630 (9th Cir. BAP 1989) (citation omitted). Fed. R.Civ.P. 60(b) is made applicable to bankruptcy cases through Rule 9024.

On appeal, Alexander specifies that his request for reconsideration of the fee order is in fact based on Fed.R.Civ.P. 60(b)(6), which states that:

(b) ... On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

(6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. (60)(b)(6).

■ Relief from judgment for "any other reason" under Fed.R.Civ.P. 60(b)(6) should be limited only to exceptional or extraordinary circumstances, and the moving party bears the burden of establishing the existence of such circumstances. *In re Martinelli*, 96 B.R. 1011, 1013 (9th Cir. BAP 1988) (citations omitted). In addition, "an appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." *Id.* at 1013 (citations omitted).

■ Motions for reconsideration which merely revisit the same issues already ruled upon by the trial court, or which advance supporting facts that were otherwise available when the issues were originally briefed, will generally not be granted. *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir.1991). Such motions may not be used as a substitute for a timely appeal. *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203–04 (5th Cir. 1993).

■ In this case, the bankruptcy court entered its fee order on September 8, 1993. Alexander did not file the reconsideration motion until December 17, 1993, approximately three months after the expiration of the period in which to file a timely appeal of the fee order. Neither of the appellees filed an opposition to the reconsideration motion, possibly because neither of the appellees rec-

ognized the untimeliness issue. We have found such failure to oppose reconsideration motions on the grounds of untimeliness to occur with surprising frequency. The bankruptcy court, however, clearly considered the untimeliness issue *sua sponte*, stating in its order denying the reconsideration motion that "[Alexander's] time for appeal has expired...."

In addition, the reconsideration motion revisited the same issues ruled upon by the court in its fee order. The motion presented the same issues and arguments that were presented in the second fee application. It also contained a memorandum of points and authorities that was virtually identical to the memorandum included in the second fee application. While Alexander supplied additional and more specific supporting facts (and voluntarily reduced his fee request) in his reconsideration motion, the additional information was clearly available when the fee application was originally prepared.

Alexander specifically stated in his appellate brief that he provided the additional supporting data in the reconsideration motion in order to correct the deficiencies in the second fee application objected to by the chapter 7 trustee and the United States Trustee. Alexander also specifically stated that the additional detail was provided "to address the Court's concern for 'lumped' services and insufficient detail" in the fee application, as well as the other deficiencies which the bankruptcy court described in its fee order.

We believe the reconsideration motion constituted an attempt to revive the second fee application, without more, and that the motion also represented an untimely substitute for an appeal of the fee order. The bankruptcy court correctly stated in its order denying the motion for reconsideration, "[i]t appears that Alexander seeks a 'second bite at the apple', however, as he should know, this cannot and will not occur."

Alexander argues on appeal that the chapter 7 trustee and United States Trustee did not file objections to the reconsideration motion because they believed the deficiencies in the fee application had been cured, and that they were convinced that the reconsideration motion was properly presented. This is pure speculation on Alexander's part without any support whatsoever in the record. Even if this argument were correct, it provides no basis for a late filed appeal.

In addition, such statements by Alexander provide further support for the panel's conclusion that the reconsideration motion attempted to revisit the fee order without appropriate justification under Fed.R.Civ.P. 60(b)(6), and that the motion represented a substitute for a timely appeal. We therefore need not consider the merits of the underlying fee order.

## V. CONCLUSION

Counsel failed to satisfy the requirements of Fed.R.Civ.Proc. 60(b) and Rule 9024 governing motions for reconsideration. The reconsideration motion failed to demonstrate any exceptional or extraordinary circumstances, or even any changed circumstances, which would justify relief from the fee order. The bankruptcy court did not abuse its discretion in denying counsel's motion for reconsideration. Accordingly, we AFFIRM.