**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. SC-18-1110-LSF |
| RICHARD SCOTT DE LA ROSSA and JENNIFER LAND SCOTT, | Bk. No. 3:14-bk-08980-CL7 |
| Debtors. | |
| JENNIFER LAND SCOTT; RICHARD SCOTT DE LA ROSSA, | |
| Appellants, | |
| v. | **MEMORANDUM**[*] |
| MICHAEL L. BRANCH; GABRIEL PATTERSON, | |
| Appellees. | |

Argued and Submitted on February 21, 2019
at Pasadena, California

Filed – April 17, 2019

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Christopher B. Latham, Bankruptcy Judge, Presiding

---

Appearances:     Appellant Jennifer Land Scott argued pro se; Michael L.
                 Branch argued for Appellees.

---

Before: LAFFERTY, SPRAKER, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Post-discharge, chapter 7[1] debtors Richard Scott De La Rossa and
Jennifer Land Scott moved for sanctions against Appellees, alleging that
they had violated the discharge injunction by taking actions to collect on
two state court judgments awarding attorneys' fees to Appellees. After an
evidentiary hearing, the bankruptcy court denied the motion, finding that
Appellees lacked the requisite intent to warrant contempt sanctions.

Debtors did not appeal from that order. Instead, more than fourteen
days after entry of the court's order denying Debtors' motion, they moved
for reconsideration, arguing that they should have been permitted to

---

[1]Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules
of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of
Civil Procedure.

submit further briefing and that a 2016 Ninth Circuit case supported their position that the attorneys' fee awards had been discharged. The bankruptcy court denied the motion because Debtors failed to establish any grounds for relief under Civil Rule 60(b), applicable via Rule 9024.

We have jurisdiction to review only the denial of Debtors' motion for reconsideration. Finding no abuse of discretion, we AFFIRM.

## FACTUAL BACKGROUND[2]

In February 2014, Mr. Patterson offered to purchase Debtors' real property in San Diego, California (the "Property") for $449,000. Debtors accepted the offer, but the contract was not fully consummated. In April 2014, Mr. Patterson, represented by Mr. Branch, sued Debtors in San Diego County Superior Court for specific performance, breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief (the "Patterson Lawsuit"). In October 2014, Debtors filed a cross-complaint in the Patterson Lawsuit against Mr. Patterson, Debtors' realtor, and the realtor's colleague.

Shortly thereafter, in November 2014, Debtors filed a chapter 13 petition. Their Schedule B disclosed the Patterson Lawsuit, describing it as a "Lawsuit for Specific Performance with countersuit: Civil Case

---

[2]Debtors have not provided complete excerpts of the record. We have thus exercised our discretion to review the bankruptcy court's docket and imaged papers in Case No. 14-08980. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

37-2014-9822 (no monetary relief requested other than costs of suit)" with a $0 value. Schedule F included Mr. Branch as an unsecured creditor holding a $0 claim arising from the Patterson Lawsuit. Paragraph 4 of the Statement of Financial Affairs listed the Patterson Lawsuit as a "civil suit for money" with a status of "Les Pendens [sic]." Mr. Branch was included on the creditor matrix, and it is undisputed that he received notice of the bankruptcy filing.

Debtors filed a timely motion to extend the stay, which the court treated as one to impose the stay.[3] At the hearing on the motion, Debtors, through counsel, stipulated on the record to lifting the stay to: (1) permit Mr. Patterson to proceed with his motion to compel arbitration in state court; and (2) allow the arbitration to go forward. Shortly thereafter, the parties filed a stipulation for stay relief to allow the Patterson Lawsuit to proceed, which provided:

> that the Automatic Stay imposed under Title 11, United States Code Section 362, as it may apply to Debtors herein, and any parties named in the Lawsuit, shall be modified and/or terminated forthwith so as to allow the parties to pursue resolution of that Lawsuit, which was filed in Superior Court, without further order of the Bankruptcy Court.

The bankruptcy court entered an order approving the stipulation on

---

[3]Debtors had filed three previous chapter 13 cases, all of which were dismissed at Debtors' request, and two of which were dismissed within one year of the filing of the instant case. Therefore, the automatic stay did not go into effect in Debtors' fourth bankruptcy case. § 362(c)(4).

4

January 12, 2015. In June 2015, Debtors converted their chapter 13 case to chapter 7. They were granted a discharge on December 31, 2016.

Shortly after conversion, the state court ordered the Patterson Lawsuit – including Debtors' cross-complaint – to binding arbitration; that arbitration took place in April 2016. On August 5, 2016, the state court entered a judgment of $80,132.39 ($72,060 in attorneys' fees and $8,072.39 in costs) in Mr. Patterson's favor and against Debtors (the "Patterson Judgment"). Of that amount, $16,209.80 was for attorneys' fees and costs incurred prepetition.

In the meantime, in January 2016, Debtor Linda Scott sued Mr. Branch and his law firm (collectively, "Mr. Branch") in San Diego County Superior Court, alleging lack of standing to record lis pendens, intentional infliction of emotional distress, slander of title, and declaratory relief (the "Branch Lawsuit"). Mr. Branch, through counsel, filed a notice of related case referencing the Patterson Lawsuit. In September 2016, the state court entered a judgment granting Mr. Branch's special motion to strike under California Code of Civil Procedure § 425.16 (California's Anti-SLAPP statute), which disposed of the Branch Lawsuit. The judgment directed Mr. Branch to bring an application for attorneys' fees and costs. After Debtors received their discharge, Mr. Branch filed a motion for attorneys' fees and costs in accordance with the state court's judgment granting his anti-SLAPP motion. Soon after that, Ms. Scott retained Felipe Hueso, Esq.

5

to represent her. Mr. Hueso requested a stay of proceedings due to Ms. Scott's discharge, which the state court denied. On April 7, 2017, the state court awarded Mr. Branch $7,400 in attorneys' fees (the "Branch Judgment"). In doing so, it specifically held that "[t]he discharge removed plaintiff's personal liability for debts owed before the bankruptcy. However, defendants' claims for attorney's fees for a successful Anti-SLAPP motion arose after plaintiff's bankruptcy case was filed."

On April 18, 2017, Mr. Branch submitted an application and order for appearance and examination in the Patterson Lawsuit. The state court set the judgment debtor's examination for July 14, 2017. Ms. Scott did not appear. Instead, on the date set for the judgment debtor's examination, Debtors filed a motion in the bankruptcy court seeking damages for Appellees' attempts to collect allegedly discharged debts, specifically: (1) Mr. Branch's motion for attorney's fees and costs related to the Branch Lawsuit; and (2) the setting of the judgment debtor examination in the Patterson Lawsuit. They requested damages of: (1) $5,500 for the attorneys' fees paid Mr. Hueso to represent them in the Branch Lawsuit; (2) $25,000 in punitive and exemplary damages; and (3) $125,000 for emotional distress and physical suffering directly related to Appellees' actions. Appellees filed an opposition in which they took the position that neither the Patterson Judgment nor the Branch Judgment were discharged.

The bankruptcy court issued a tentative ruling in which it construed

the motion as an application for an order to show cause. It explained that damages could be awarded as a contempt sanction only upon a showing by clear and convincing evidence that Appellees had willfully or knowingly violated the discharge injunction. The court tentatively denied the motion with respect to the actions Appellees took in the Branch Lawsuit, but it disagreed with Mr. Branch's understanding of the Stay Relief Order with respect to the Patterson Lawsuit. It noted that only part of the Patterson Judgment was incurred prepetition, and it was unclear whether Mr. Branch was attempting to enforce the pre- or postpetition portion. On that basis, the court suggested further evidence and briefing on the issue of whether Mr. Branch was attempting to execute on the nondischarged portion of the Patterson Judgment. The court's tentative ruling proposed deadlines for written responses and a further hearing date.

The court held a hearing on Debtors' motion on November 27, 2017. Instead of continuing the matter for further briefing as proposed in the tentative ruling, the court took Mr. Branch's testimony as to what portion of the Patterson Judgment he intended to enforce. Mr. Branch testified that he never intended to collect any of the attorneys' fees that were incurred prepetition, and he did not believe his actions violated the discharge injunction because he interpreted the Stay Order as authorizing him to pursue full resolution of the Patterson Lawsuit through judgment and enforcement. The court permitted Ms. Scott to cross-examine Mr. Branch.

At the hearing's conclusion, the court noted that it would consider the testimony and arguments and deny the motion if it found that Debtors did not demonstrate by clear and convincing evidence Appellees' alleged willfulness – even if a technical basis for issuing an order to show cause existed. It took the matter under submission. The court **did not**: (1) adopt its tentative ruling; (2) issue an order directing further briefing and evidence; or (3) grant Ms. Scott's oral request for further briefing and evidence.

On December 15, 2017, the court issued an Order Denying Debtors' Application for Order to Show Cause ("Order"), which attached the court's findings and conclusions. The bankruptcy court found that Debtors did not make a prima facie showing of a discharge injunction violation. As to the Branch Lawsuit, the court concluded that it was a postpetition, pre-discharge action by Ms. Scott against Mr. Branch and his law firm and was thus outside the purview of the discharge. Thus, Mr. Branch's post-discharge actions–including prosecuting his anti-SLAPP motion, obtaining the Branch Judgment, and seeking to enforce that judgment–were deemed to have occurred postpetition and were not subject to the discharge injunction.

As for the Patterson Lawsuit, the court noted that $63,922.59 of the Patterson Judgment was incurred postpetition. The court concluded, based on Mr. Branch's testimony at the November 27 hearing, that Mr. Branch

8

did not knowingly or willfully violate the discharge injunction by filing the application for judgment debtor examination in the Patterson Lawsuit.[4] Because it found that Appellees would have defeated an order to show cause had one been issued, the bankruptcy court held that it would have been futile to grant the application on the record before it. Debtors did not appeal the Order.

Instead, on January 16, 2018, more than fourteen days after entry of the Order, Debtors filed a motion for reconsideration. Debtors argued that the bankruptcy court had erred in not permitting Debtors to submit additional briefing before it issued its decision and contended that *Picerne Construction Corp. v. Castellino Villas, A. K. F. LLC (In re Castellino Villas, A. K. F. LLC)*, 836 F.3d 1028 (9th Cir. 2016), not previously cited in Debtors' papers, supported the conclusion that under the "fair contemplation" test,

---

[4]In its findings and conclusions, the court cited *Boeing North America, Inc. v. Ybarra (In re Ybarra)*, 424 F.3d 1018 (9th Cir. 2005), in which the Ninth Circuit held that

> claims for attorney fees and costs incurred post-petition are not discharged where post-petition, the debtor voluntarily commences litigation or otherwise voluntarily returns to the fray. Whether attorney fees and costs incurred through the continued prosecution of litigation initiated pre-petition may be discharged depends on whether the debtor has taken affirmative post-petition action to litigate a prepetition claim and has thereby risked the liability of these litigation expenses.

*Id.* at 1026 (citation and alterations omitted). As discussed below, we need not, and do not, decide in this appeal whether the bankruptcy court correctly applied *Ybarra* in its conclusions regarding whether the discharge injunction was violated.

all of the attorneys' fees at issue were prepetition and thus discharged. Appellees opposed the motion. After a hearing, the bankruptcy court issued an order on April 12, 2018 denying the motion for reconsideration because Debtors had not established any grounds for relief from the Order.[5] The court noted that it had not ordered further briefing and evidence despite the suggestion in its tentative decision that it might do so. Additionally, the court noted that Debtors had proffered no reason why they had not previously cited *Castellino Villas*. In any event, the court found that the case was factually distinguishable and did not support Debtors' contention that the Branch Judgment was discharged. Finally, the court noted that even if the debts had been discharged, Debtors had not met their burden to show that Appellees had knowingly and willfully violated the discharge injunction.

Debtors timely appealed the order denying reconsideration.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(O). We have jurisdiction under 28 U.S.C. § 158.

---

[5]Debtors did not appear at the hearing. In its decision on the motion for reconsideration, the bankruptcy court noted that although it could have considered Debtors' nonappearance as an abandonment of the motion, "for the sake of analytical completeness–and in the interest of fairness and due process–the court will deem it as their consent to having the motion decided on the papers."

## ISSUE

Did the bankruptcy court abuse its discretion in denying the motion for reconsideration?

## STANDARD OF REVIEW

We review for abuse of discretion a bankruptcy court's denial of a motion for reconsideration. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010); *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 866 (9th Cir. BAP 2004). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

Debtors cited Civil Rules 59 and 60 in their motion for reconsideration. Because the motion was filed after the expiration of the time to appeal from the Order, the bankruptcy court properly treated the motion as one for relief from judgment under Civil Rule 60(b), applicable via Rule 9024. *See Alexander v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (9th Cir. BAP 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996). An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for relief, not the merits of the underlying judgment. *Id.* Our review is thus limited to the

11

bankruptcy court's ruling on the motion for reconsideration.

"Motions for reconsideration which merely revisit the same issues already ruled upon by the trial court, or which advance supporting facts that were otherwise available when the issues were originally briefed, will generally not be granted. Such motions may not be used as a substitute for a timely appeal." *Id.* (citations omitted).

Debtors invoked Civil Rule 60(b)(1), which provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]"

As noted, the bankruptcy court denied Debtors' motion for reconsideration because they had not established any of the grounds listed in Civil Rule 60(b)(1). Further, the bankruptcy court found that even if the debts at issue were discharged, Debtors had not met their burden to show that Appellees had knowingly and willfully violated the discharge injunction. In order to meet that burden, Debtors had to show, by clear and convincing evidence, that Appellees (1) knew the discharge injunction was applicable, and (2) intended the actions that violated the injunction. *Lorenzen v. Taggart (In re Taggart)*, 888 F.3d 438, 443 (9th Cir. 2018)*, cert. granted, Taggart v. Lorenzen*, 139 S. Ct. 782 (2019). A creditor's subjective good faith belief that the discharge injunction does not apply to his claim precludes a finding of contempt. *Id.* at 444.

On appeal, Debtors have not presented any relevant argument that would lead this Panel to conclude that the bankruptcy court abused its discretion in denying the motion to reconsider. Although their briefing is not entirely comprehensible, Debtors do not appear to challenge the bankruptcy court's ruling that the Branch Judgment was not discharged in their chapter 7 case because it arose from postpetition litigation. Debtors present several arguments that were not made to the bankruptcy court. They contend that: (1) the stipulation for relief from stay to permit Appellees to resolve the Patterson Lawsuit should be declared void or unenforceable because it was impermissibly vague and because only Debtors' counsel, and not Debtors, signed the stipulation; (2) the bankruptcy court erred in permitting Appellees to challenge the dischargeability of the Patterson Judgment; and (3) the bankruptcy court erred in permitting Mr. Branch to participate in court hearings because he never filed a proof of claim. Because Debtors did not present these arguments to the bankruptcy court, we need not consider them. *See O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989) (appellate courts in the Ninth Circuit will not consider arguments not raised in the trial court sufficiently for that court to rule on them). But even if we were to consider these arguments, they do not show that the bankruptcy court abused its discretion in denying reconsideration.

First, Debtors were bound by their attorney's action in signing the

13

stipulation on their behalf. *See Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (in the absence of gross negligence, an attorney's actions are typically chargeable to his or her client). And although we agree that the stipulation is not a model of clarity, Debtors did not timely challenge the order approving the stipulation, which was entered two and a half years before Debtors filed their motion for damages. Perhaps most importantly, any ambiguity in the stipulation actually **supports** the bankruptcy court's finding that Appellees had a good faith belief that their actions did not violate the discharge injunction.

Second, in support of their argument that Appellees should not have been permitted to challenge the dischargeability of the Patterson Judgment, Debtors theorize that the Patterson Litigation was "resolved" once the state court ordered the case to arbitration in July 2014 so that the arbitration and entry of the resulting judgment were void as stay violations. This assertion is contradicted by the record. According to the minute order from the December 10, 2014 hearing on the motion to extend stay, Debtors' counsel represented that Debtors would stipulate to lift the stay to permit Mr. Patterson "to proceed with his petition in the state court to compel arbitration as well to permit the arbitration on the subject property to go forward." And the order approving the stipulation provides that the stay is lifted to allow the parties to "pursue resolution" of the superior court lawsuit. Again, Debtors' argument actually supports the bankruptcy

14

court's conclusion that they did not meet their burden to show that Appellees knowingly and willfully violated the discharge injunction.

Although Debtors correctly cite the test for contempt damages for a violation of the discharge injunction, they also erroneously cite the test for awarding damages for a willful stay violation under § 362(k), which requires only that the creditor knew of the stay, and its actions in violation of the stay were intentional. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002). As noted, a debtor seeking damages for a violation of the discharge injunction is subject to the higher standard applicable to contempt sanctions, i.e., the debtor must show by clear and convincing evidence that the creditor **knew the discharge injunction was applicable** and that its actions in violating the injunction were intentional. *In re Taggart*, 888 F.3d at 443. Debtors conflate these standards.

Third, with respect to their contention that the bankruptcy court erred in permitting Mr. Branch to participate in court hearings because he never filed a proof of claim, Debtors point to no authority that Mr. Branch needed to file a proof of claim to represent his client in the bankruptcy court or to defend himself against a contempt allegation. In any event, Mr. Branch did not seek payment of the Branch Judgment from the estate; thus there would have been no reason for him to file a proof of claim.

Debtors also argue, as they did in the bankruptcy court, that *Castellino Villas* supports the conclusion that the Patterson Judgment was

15

discharged in its entirety. They contend that their filing of adversary proceedings in the bankruptcy court, apparently to object to Mr. Patterson's claim, did not amount to "jumping back into the fray." But the bankruptcy court never suggested that the filing of any adversary proceeding constituted returning to the fray; the court was referring to Debtors' participation in the Patterson and Branch Lawsuits. In any event, we need not, and do not, reach the issue of whether the bankruptcy court correctly determined that the Branch Lawsuit or the postpetition attorneys' fees incurred in the Patterson Lawsuit were outside the purview of the discharge. As noted, the relevant question in this appeal is whether the bankruptcy court abused its discretion in denying reconsideration; underlying that question is whether, due to "mistake, inadvertence, surprise, or excusable neglect," the court erred in finding that Debtors had failed to meet their burden to show that Appellees knowingly and willfully violated the discharge injunction. Debtors' argument has no bearing on those questions.[6]

---

[6]In their briefing, the parties raise additional arguments that are irrelevant to the issues before the Panel. Appellees argue that the Debtors failed to comply with the "meet and confer" process codified under Rule 9011, but Debtors did not seek sanctions under that rule. Appellees also contend that Debtors failed to comply with various local rules in their motion for reconsideration, but the bankruptcy court did not base its ruling on any such noncompliance.

For their part, Debtors in their reply brief complain that Appellees did not

(continued...)

## CONCLUSION

As Debtors have not shown that the bankruptcy court abused its discretion in denying their motion for reconsideration, we AFFIRM.

---

[6](...continued)

reference the record in their brief and that their brief misrepresented facts. But any failure to reference the record or misrepresentations of fact do not affect the Panel's analysis, as the facts of this case were gleaned from the bankruptcy court's findings and conclusions and from documents filed in the bankruptcy case.