**NOT FOR PUBLICATION**

FILED

APR 7 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ADAM LEE,<br>　　　　　　Debtor. | BAP Nos. HI-20-1224-TBK<br>　　　　　　HI-20-1225-TBK<br>(Related Appeals) |
| ADAM LEE,<br>　　　　　　Appellant,<br>v.<br>DANE S. FIELD, Trustee,<br>　　　　　　Appellee. | Bk. No. 13-01356<br><br>Adv. No. 20-90006<br><br>**MEMORANDUM**[1] |

Appeal from the United States Bankruptcy Court
for the District of Hawaii
Robert J. Faris, Chief Bankruptcy Judge, Presiding

Before: TAYLOR, BRAND, and KLEIN,[**] Bankruptcy Judges.

---

1.　[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[**] The Honorable Christopher M. Klein, U.S. Bankruptcy Judge for the Eastern District of California, sitting by designation.

# I. INTRODUCTION

After more than six years, chapter 7[1] debtor Adam Lee faced two judgments related to his improper retention and sale of estate assets. The record well-supports that he was not a model debtor and that this was apparent in the early years of the case. And his lack of attention to the requirements of the Code was also evidenced by his failure to obtain the credit counseling required for a discharge.

So, when events occurring in the early months of the case's seventh year finally roused the chapter 7 trustee, he needed to seek denial of discharge not revocation. He filed his objection complaint after obtaining an unopposed extension of the discharge objection deadline under Rule 4004(b)(2). Lee then defaulted, and the bankruptcy court granted a motion for default judgment denying discharge.

Lee moved for reconsideration contending that the deadline extension was invalid and the complaint untimely. The bankruptcy court in response sua sponte considered and declined to find good cause to vacate default and then denied reconsideration on the merits. Default judgment denying discharge was then entered. We perceive no error, and we AFFIRM.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

## II. FACTS[2]

**The bankruptcy filing and deadline to object to discharge**

In 2013, Lee filed a chapter 7 petition; Dane Field was appointed as chapter 7 trustee. By operation of Rules 4004(a)(3) and 9006(a)(1)(C), November 18, 2013 was the last day to object to discharge. The Trustee obtained a stipulated extension of the deadline to January 16, 2014, but he filed nothing before this extended period expired. Lee, however, did not obtain a discharge because he never completed the financial management course required by § 727(a)(11). And so, the case continued over the next six years. Lee had the ability to obtain a discharge but took no steps to finalize the pre-requisites. The Trustee made troubling discoveries as he managed the case, but he did not seek a continuing extension of the time to object to discharge or act to object to discharge until year six of the case.

**The turnover orders**

As to the specifics of the troubling discoveries, the Trustee uncovered numerous instances where Lee pocketed sales proceeds from estate assets or rental income from estate real property. The Trustee eventually obtained an order requiring turnover of the ill-gotten proceeds (the "Proceeds"), and Lee unsuccessfully appealed; both the district court and the Ninth Circuit affirmed.

Despite these defeats, Lee refused to comply with the bankruptcy

---

[2] We exercise our discretion to take judicial notice of the bankruptcy court's dockets, where appropriate. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*,

court's turnover order. Thus, almost six years into the case, the Trustee filed a second turnover motion; he again sought turnover of the Proceeds and a monetary judgment if Lee failed to do so promptly. And he also raised another impropriety and requested turnover of additionally discovered estate assets, including proceeds from Lee's alleged sale of Nojuice.com, Inc. stock (the "Stock Proceeds"). Lee opposed this second turnover motion on numerous grounds, which included a denial that he sold any stock.

The bankruptcy court promptly entered a $72,488.97 judgment against Lee based on his failure to turn over the Proceeds.[3] But it required an evidentiary hearing in relation to the request for turnover of the Stock Proceeds.

**The Stock Proceeds proceedings**

So, in November and December of 2019, as year seven of the case commenced, the bankruptcy court held an evidentiary hearing regarding Lee's alleged sale of stock. Lee made the process difficult by withholding documents until the eve of trial and providing testimony that directly contradicted the bankruptcy schedules he signed under penalty of perjury. And when the bankruptcy court entered its memorandum decision, it stated that "based on [its] observation of Adam Lee during the six-year pendency of this case, [it] find[s] that Adam Lee is generally not a credible

---

293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] Lee also unsuccessfully appealed from the turnover order related to this

witness, and is willing to say whatever he thinks is in his best interest at any given moment." The bankruptcy court concluded that, contrary to his testimony, Lee sold stock postpetition for $25,000 and that the Trustee was entitled to a judgment against Lee in that amount. On January 24, 2019, the bankruptcy court entered the judgment.

**The extension of time to object to discharge**

Approximately three weeks after entry of judgment, the Trustee filed a motion to extend the time to object to Lee's discharge pursuant to Rule 4004(b)(2). As noted, despite the long life of the case, Lee had not yet obtained a discharge, so it was not appropriate to employ § 727(d) to revoke a discharge already obtained. Lee did not oppose the motion, and the bankruptcy court granted an extension for good cause to March 24, 2020.

**The default judgment and reconsideration proceedings**

On March 23, 2020, the Trustee filed an adversary complaint objecting to Lee's discharge under § 727(c) based on, among other things, Lee's retention and concealment of the Stock Proceeds; Lee's failure or refusal to provide the Trustee with requested documents and information; Lee's knowing and fraudulent false oaths regarding the Stock Proceeds; and Lee's refusal to obey the bankruptcy court's turnover orders.

Lee did not answer or otherwise respond to the complaint, the clerk entered his default, and the Trustee moved for a default judgment. Lee

judgment.

5

then filed an untimely opposition to the motion for default judgment that did not contain an objection to the timeliness of the complaint but instead contested the merits.

The bankruptcy court held a hearing on the motion for default judgment, Lee failed to appear, and the bankruptcy court orally granted the Trustee's request.

Shortly thereafter, Lee filed motions for reconsideration of the order granting the Trustee an extension of time under Rule 4004(b)(2) and the oral ruling granting the Trustee's motion for default judgment. The bankruptcy court sua sponte considered whether good cause existed within the meaning of Civil Rule 55(c) to vacate the entry of Lee's default and, while mindful of the lenient standard for vacating defaults, declined to do so. It then declined to revise its extension order and entered a written order memorializing its prior oral ruling, followed by a separate judgment denying discharge. Lee timely appealed the denial of his reconsideration motions.

## III. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(J). We have jurisdiction under 28 U.S.C. § 158.

## IV. ISSUES

Did the bankruptcy court abuse its discretion in denying reconsideration of the extension of time to object to discharge?

Did the bankruptcy court abuse its discretion in denying

6

reconsideration of the entry of a default judgment?

## V. STANDARD OF REVIEW

We review a bankruptcy court's denial of relief under Civil Rules 59 and 60 for an abuse of discretion.[4] *Carruth v. Eutsler (In re Eutsler)*, 585 B.R. 231, 235 (9th Cir. BAP 2017). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct one, or makes illogical or implausible factual findings or findings without support from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm on any ground fairly supported by the record. *Wirum v. Warren (In re Warren)*, 568 F.3d 1113, 1116 (9th Cir. 2009).

## VI. DISCUSSION

**A. The bankruptcy court did not abuse its discretion in denying reconsideration of the extension order.**

In denying Lee's motion for reconsideration of the extension order,

---

[4] The Civil Rules do not recognize motions for reconsideration. *Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.)*, 311 B.R. 530, 539 (9th Cir. BAP 2004), *aff'd*, 182 F. App'x 708 (9th Cir. 2006). However, the Civil Rules provide two means by which a party may obtain post-judgment relief: (1) a motion to alter or amend judgment under Civil Rule 59; and (2) a motion for relief from judgment under Civil Rule 60. Where a party files a motion for reconsideration within 14 days following the date of entry of the judgment or order, the motion is treated as a motion to alter or amend the judgment under Civil Rule 59(e). *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (citation omitted). But where the 14-day time for appeal has expired, a motion for reconsideration is construed as a motion for relief from judgment under Civil Rule 60(b). *Negrete v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (9th Cir. BAP 1995), aff'd, 103 F.3d 139 (9th Cir. 1996).

7

the bankruptcy court found the motion was untimely and without merit. Lee asserts error in these findings, but we detect no abuse of discretion.

**1. The reconsideration motion was untimely.**

Here, whether the extension order was final or interlocutory affects the line of analysis but not the final outcome of a timeliness analysis.

Assuming the extension order was interlocutory, the reconsideration motion, which was filed 149 days after its entry, unquestionably violated Local Bankruptcy Rule 9024-1 of the U.S. Bankruptcy Court for the District of Hawaii, which provides that "[a] motion for reconsideration of an interlocutory order must be filed no later than 14 days after the entry of the order." "An interlocutory order is one which does not finally determine a cause of action, but instead decides only an intervening matter." *Travers v. Dragul (In re Travers)*, 202 B.R. 624, 625 (9th Cir. BAP 1996) (citation omitted). As explained by the bankruptcy court, the extension order was arguably interlocutory because it did not finally dispose of any claim. In fact, other courts have held that an order granting a motion to extend the time to file a § 727 complaint is interlocutory. *See, e.g.*, *Aucoin v. S. Ins. Facilities Liquidating Corp. (In re Aucoin)*, 35 F.3d 167, 169-70 (5th Cir. 1994).

But even if the extension order was a final order, we find no abuse of discretion in the bankruptcy court's determination that Lee's reconsideration motion was untimely. The motion would be treated as one for relief under Civil Rule 60(b) because Lee filed it after the time to appeal from the extension order, if final, had expired. *In re Negrete*, 183 B.R. at 197.

And a motion under Rule 60(b) "must be made within a reasonable time." Civil Rule 60(c)(1). What constitutes a reasonable time depends on the facts of each case and "[takes] into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). These considerations all point to Lee's reconsideration motion being untimely.

The record here strongly supports that Lee's defalcations and failure to appropriately cooperate in the case led to more than six years of delay in case completion. Thus, the interest in finally resolving the remaining case issues powerfully favors the bankruptcy court's determination that the request for reconsideration came too late.

Moreover, Lee waited to contest the timeliness of the Trustee's complaint until after the bankruptcy court denied discharge. In *Kontrick v. Ryan*, 540 U.S. 443, 447 (2004), the Supreme Court held that a debtor forfeits his or her right to rely on the time limits of Rule 4004 by failing to raise them before the court reaches the merits of the objections to discharge.

Lee justifies his delay by alleging that he was unable to check his post office box and believed he was unable to file documents with the bankruptcy court because of the COVID-19 pandemic. But the bankruptcy court found that these allegations were "hard to believe" from a litigant in a hotly-contested bankruptcy case who received timely service of the extension motion by email as well as U.S. mail and that Lee had not

9

adequately explained how the pandemic caused a more than four month delay. Lee has not shown that the bankruptcy court's assessment of his allegations was inherently unreasonable or unsupported by specific reasons. In fact, the assessment is consistent with the bankruptcy court's prior finding that Lee "is generally not a credible witness and is willing to say whatever he thinks is in his best interest at any given moment."

And we agree with the bankruptcy court that Lee could have learned of the grounds for relief stated in his reconsideration motion related to the Rule 4004(b)(2) extension order (discussed below) shortly after, if not before, the extension order was entered. He never argued that he lacked access to the electronic case docket, and he received service by mail and email.

Finally, we agree with the bankruptcy court that the Trustee would be significantly prejudiced by reconsideration of the extension order; he filed an adversary complaint and obtained a default judgment against Lee in reliance on it.

Based on the foregoing, the bankruptcy court did not abuse its discretion in denying Lee's reconsideration motion as untimely.

**2. The reconsideration motion was devoid of merit.**

But even if the reconsideration motion was timely, Lee did not assert grounds under Civil Rule 60(b) justifying reconsideration. Civil Rule 60(b) provides, in pertinent part, that a bankruptcy court may relieve a party from a final order for: "(1) mistake, inadvertence, surprise, or excusable

neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that justifies relief." None of these grounds support reconsideration of the extension order.

As to Civil Rule 60(b)(1), the bankruptcy court rejected Lee's assertions that he failed to timely discover the extension motion and that he mistakenly believed that the COVID-19 pandemic barred him from filing opposition. These conclusions are logical, plausible, and supported by the record. We see no abuse of discretion.

Any reliance on Civil Rule 60(b)(2) is similarly unavailing. Lee failed to argue that any new evidence came to light after entry of the extension order. In fact, his primary argument for reconsideration—that the Trustee did not meet the Rule 4004(b)(2) requirements for an extension of time— was based on the facts presented by the Trustee in the extension motion and other evidence on the record.

Finally, to the extent that Lee obliquely names Civil Rule 60(b)(6) as a basis for reconsideration when he argues that the bankruptcy court made a clear or manifest error in law or fact when it granted the Trustee an extension of time under Rule 4004(b)(2), we discern no error in law or fact.

Ordinarily, a motion for an extension of time to object to a debtor's discharge must be filed no later than 60 days after the first date set for the § 341(a) meeting of creditors. *See* Rules 4004(a) and (b)(1). However, Rule 4004(b)(2) permits extension motions after this 60-day deadline if: (1) "the

11

objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d);" (2) "the movant did not have knowledge of those facts in time to permit an objection;" and (3) the motion is filed "promptly after the movant discovers the facts on which the objection is based." Rule 4004(b)(2).

Given the basis for the objection to discharge, only the requirement of promptness requires discussion. Lee correctly argues that **many** of the acts that the Trustee relied on in the extension motion occurred years earlier. But acts justifying a denial of discharge continued throughout the case, and, as the bankruptcy court noted, later acts adequately supported discharge denial. As the bankruptcy court stated: "[e]ven without any of the other wrongful acts complained of in the [extension motion], [Lee's] refusal to produce documents and false testimony amply justify revocation of the debtor's discharge." We agree; these wrongful acts support discharge denial under §§ 727(a)(4)(A) and (D) and (a)(6), and they occurred during year seven of the case.[5]

Further, the bankruptcy court entered its final judgment related to

---

[5] We note that while Lee's earlier wrongful conduct may have been stale for purposes of obtaining an extension of time under Rule 4004(b)(2), it could nevertheless support revocation of discharge under §§ 727(d)(2) and (d)(3), the limitations period for which is the later of one year after the granting of the discharge or the time the case is closed. § 727(e)(2). Assuming (without deciding) that the Trustee could overcome any applicable laches defense to a revocation of discharge complaint filed later in this case, any error in the extension of time under Rule 4004(b)(2) would not affect the substantive rights of the parties; hence any error here could be harmless error that we must disregard. 28 U.S.C. § 2111; Civil Rule 61, incorporated by Rule 9005.

the Stock Proceeds on January 24, 2020. The Trustee suspected that Lee improperly sold the stock long before filing his extension motion, and he certainly knew that improper sale of the stock supported denial of discharge under § 727(a)(2)(B). But Lee denied the Trustee's allegations under oath. It was reasonable for the Trustee to wait until after the bankruptcy court resolved the dispute to seek a denial of discharge on this basis. And once the bankruptcy court decided the issue, the Trustee moved with alacrity; he brought the extension motion just eight days after the appeal period terminated and sought to deny discharge on this basis 45 days after the related judgment became final. Thus, we agree with the bankruptcy court that the Trustee promptly moved for an extension under Rule 4004(b)(2) in relation to these later defalcations and that they sufficiently support denial of discharge; the bankruptcy court did not abuse its discretion in denying Lee's motion to reconsider the extension order.

**B. The bankruptcy court did not abuse its discretion in denying reconsideration of the order granting a default judgment.**

Neither did the bankruptcy court abuse its discretion in denying reconsideration of its default judgment.

As an initial matter, the bankruptcy court sua sponte undertook to assess whether the "good cause" contemplated by Civil Rule 55(c) for setting aside the default was present. It concluded that there was not "good cause" to set aside Lee's default after considering whether: (1) Lee engaged

in culpable conduct that led to the default; (2) Lee had a meritorious defense; and (3) the Trustee would be prejudiced. *See* Civil Rule 55(c), incorporated by Rule 7055; *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1111-12 (9th Cir. 2011); *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). In so doing, it applied the correct legal standard and did not abuse its discretion in declining to set aside the default.

It also properly denied reconsideration of the default judgment under Civil Rule 59. Because Lee filed his reconsideration motion six days after the bankruptcy court announced that it would grant the Trustee a default judgment, his motion is treated as a motion to alter or amend the judgment under Civil Rule 59. *Heritage Pac. Fin., LLC v. Montano (In re Montano)*, 501 B.R. 96, 112 (9th Cir. BAP 2013). To justify relief under Civil Rule 59, Lee was required to show: "(a) newly discovered evidence, (b) the court committed clear error or made an initial decision that was manifestly unjust, or (c) an intervening change in controlling law." *Id.* (citation omitted). He failed to do so.

In his opening brief, Lee's sole argument for reversal is that the bankruptcy court lacked the authority to enter the default judgment because the Trustee's complaint objecting to his discharge was untimely under Rule 4004. But as explained above, the Trustee filed the complaint by the deadline imposed in the extension order and the bankruptcy court did

14

not abuse its discretion in declining to reconsider the extension order.

Moreover, Lee did not contest the timeliness of the Trustee's complaint in his opposition to the Trustee's motion for default judgment. He was therefore precluded from raising the issue in his reconsideration motion. *Kontrick*, 540 U.S. at 458-60; *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may **not** be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

While Lee contested the bases for the default judgment in his reply brief, he also waived such a challenge by failing to present it in in his opening brief. *See Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (Appellate courts will not ordinarily consider matters that are not specifically and distinctly argued in an appellant's opening brief.); *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 99 (9th Cir. BAP 2006) (In an appeal of an order denying reconsideration under Rule 9023, an appellate court has jurisdiction to review both the order denying reconsideration and the underlying order.). Even if we were to consider the issue, we would find it lacked merit. The bankruptcy court's factual findings supporting the denial of a discharge were based on a well-established record of Lee's defalcations and bad acts.

## VII. CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's orders denying reconsideration of the extension order and default judgment.