

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>DAVID C. KWOK,<br><br>　　　　　　Debtor. | BAP Nos.　CC-22-1206-SFL<br>　　　　　　　CC-22-1207-SFL<br>　　　　　　　CC-22-1208-SFL<br>　　　　　　　(Related Appeals) |
| DAVID C. KWOK,<br>　　　　　　　Appellant,<br>v.<br>SAM S. LESLIE, Chapter 7 Trustee,<br>　　　　　　　Appellee. | Bk. No.　　2:18-bk-23346-BR<br><br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Barry Russell, Bankruptcy Judge, Presiding

Before: SPRAKER, FARIS, and LAFFERTY, Bankruptcy Judges.

Chapter 7[1] debtor David C. Kwok objected to the fees requested by

the chapter 7 trustee's counsel Danning, Gill, Israel & Krasnoff, LLP

("Danning Gill") under § 330(a)(1). But Kwok did not file his objection until

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

**after** the bankruptcy court entered a final order granting Danning Gill's final fee application. Kwok filed his objection in response to Danning Gill's motion to correct the amount of the fees and costs approved by the court. The order awarded the supplemental fees and costs Danning Gill had requested but inadvertently omitted the original amounts sought as part of Danning Gill's third fee application.

The substantive part of Kwok's one-page objection is three sentences long and states as follows:

> Kwok hereby demands that the trustee and [Danning Gill] provide this Court and Kwok all billing records, billing rate, ledgers, and prove the necessity of work done and be able to substantiate the firms [sic] grossly exaggerated billing. Kwok demands that the [Danning Gill] Firm employees testify and be cross examined as to the authenticity of such billing records. A hearing should be set to produce and execute this request.[2]

The bankruptcy court noted that the issue before the court was limited to correcting the mistaken amounts stated in the order and overruled Kwok's objection. The court reaffirmed its award in Danning

---

[2] Kwok attached to his objection a six-sentence declaration. He stated that he never received any billing records or other documentation substantiating the fees Danning Gill requested. But the proofs of service for all papers Danning Gill filed in support of its fee applications show both Kwok and his counsel on the service list. Nor did Kwok deny prior notice and knowledge of the fee applications. Kwok also states that on or about August 27, 2022, he discovered "mistakes" in the calculation of Danning Gill's fees and expenses. But Kwok obviously is referring to an August 22, 2022 motion Danning Gill filed to correct a clerical or scrivener's error in the **order** granting fees. Nothing in that motion or elsewhere suggests any error in the contents of Danning Gill's fee applications.

Gill's favor of $161,849.00 in fees and $1,590.83 in expenses. Kwok appeals from this ruling.[3]

Kwok filed his fee objection nineteen days after entry of the final fee order.[4] Liberally construing his objection, we treat it as a motion under Civil Rule 60(b), made applicable in bankruptcy cases by Rule 9024, challenging the final award of fees and costs to Danning Gill. *Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.)*, 311 B.R. 530, 539 (9th Cir. BAP 2004) (citing *Alexander v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (9th Cir. BAP 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996)), *aff'd*, 182 F. App'x 708 (9th Cir. 2006). We have jurisdiction under 28 U.S.C. § 158, and the appropriate standard of review is abuse of discretion. *In re Negrete*, 183 B.R. at 197-98.

Civil Rule 60(b) consists of six numbered paragraphs, five of which set forth specific grounds for granting relief from a final judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Civil] Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void; [or]
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

---

[3] Kwok also appealed the original order on Danning Gill's final fee application, the order clarifying the ruling entered on October 11, 2022, and the amended order on the final fee application.

[4] Kwok was represented by counsel but filed the objection on his own.

applying it prospectively is no longer equitable . . . .

Kwok neither alleged nor established any of these grounds.

Civil Rule 60(b)(6) is a catchall provision, which authorizes the bankruptcy court to grant relief for "any other reason that justifies relief." But relief under Civil Rule 60(b)(6) only is appropriate when the movant demonstrates "exceptional or extraordinary circumstances[.]" *In re Negrete*, 183 B.R. at 197; *see also United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (stating that relief under Civil Rule 60(b)(6) "is available only where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief."). Kwok neither alleged nor established such circumstances.

Accordingly, we AFFIRM.