56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Raymond DOBARD, Plaintiff-Appellant,
v.
SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, Defendant-Appellee.
 No. 93-17293.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Dobard appeals pro se the district court's dismissal for failure to state a claim of his civil rights action against defendant Bay Area Rapid Transit ("BART") which he brought under the Americans With Disabilities Act ("ADA"), 42 U.S.C. Sec. 12101 et seq., the Rehabilitation Act, 29 U.S.C. Sec. 794, and the Civil Rights Act, 42 U.S.C. Sec. 1985. We dismiss for lack of jurisdiction. Dobard also appeals the district court's denial of his two Fed. R. Civ. P. 60(b) motions. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 A. Appellate Jurisdiction
 
 3
 We lack jurisdiction over the underlying judgment dismissing the action because Dobard failed to file a notice of appeal within 30 days of the district court's denial of his first motion for reconsideration. See Fed. R. App. P. 4(a)(4); Browder v. Director, Dept. of Corrections, 434 U.S. 257, 264; Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1418-19 (9th Cir. 1984); Swimmer v. IRS, 811 F.2d 1343, 1344 (9th Cir. 1987). Thus, to the extent that Dobard is seeking review of the final judgment, we dismiss that part of his appeal. See Fed. R. App. P. 4(a)(4); Browder, 434 U.S. at 264; Sierra On-Line, Inc., 739 F.2d at 1418-19.
 
 
 4
 The district court's denial of the second motion for reconsideration is properly before us because Dobard filed a notice of appeal within 30 days of the district court's denial of that motion. See Swimmer, 811 F.2d at 1344. Because the time for filing an appeal from the district court's denial of his first motion for reconsideration was extended by Dobard's second motion for reconsideration, we also have jurisdiction over the district court's denial of Dobard's first motion for reconsideration. See id.
 
 B. Denial of Reconsideration
 
 5
 Dobard contends that the district court erred by denying his motions for reconsideration. This contention lacks merit.
 
 
 6
 We review for abuse of discretion the district court's denial of a Rule 60(b) motion. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).
 
 
 7
 Dobard's motions fail to set forth any of the grounds for relief from judgment under Rule 60(b). See id. Dobard merely reiterated the same arguments that he presented in his opposition to BART's motion to dismiss. Dobard also failed to present any "extraordinary circumstances" that would warrant granting relief under Fed. R. Civ. P. 60(b)(6). For these reasons, we conclude that the district court did not abuse its discretion by denying Dobard's motions for reconsideration.[1] See id.
 
 
 8
 DISMISSED in part, AFFIRMED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Dobard's requests for oral argument and for a computer aided transcript are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Dobard's complaint alleging judicial misconduct was improperly filed in this action. Dobard's motion to stay the proceedings is denied