
**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ADRIANNE MARCIA MOORE,<br>　　　　　Debtor. | BAP No. CC-19-1246-TLS<br><br>Bk. No. 2:19-bk-10379-ER |
| ADRIANNE MARCIA MOORE, dba<br>Moore Family Child Care,<br>　　　　　Appellant,<br>v.<br>UNITED STATES TRUSTEE,<br>　　　　　Appellee. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Ernest M. Robles, Bankruptcy Judge, Presiding

Before: TAYLOR, LAFFERTY, and SPRAKER, Bankruptcy Judges.

### INTRODUCTION

Chapter 11[1] debtor Adrianne Marcia Moore appeals from the

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Local Rule" references are to the Local Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

bankruptcy court's order denying her motion to reconsider an order dismissing her bankruptcy case. Because she does not articulate a basis under Civil Rule 60(b) for reversal and because the record does not otherwise support her, we AFFIRM.

## FACTS[2]

Moore accompanied her chapter 11 petition with bankruptcy schedules that evidenced bleak prospects for case success: monthly expenses exceeded income and secured debts exceeded the value of the related collateral. True, the schedules referenced a belief in future improved income, but this assertion was unsupported by any specifics.

Improved finances never materialized. Instead, irregularities in the conduct of the case quickly became apparent, and the United States Trustee ("UST") filed a motion seeking case dismissal with a 180-day refiling bar, conversion, or appointment of a chapter 11 trustee ("Dismissal Motion") based on Moore's failure to comply with the Bankruptcy Code, Local Rules 2015-2(a)(1) and (b)(2),[3] and the Guidelines and Requirements for

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in Moore's bankruptcy cases. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] Local Rule 2015-2(a)(1) requires debtors in possession to "timely provide the United States trustee with financial, management and operational reports, and such other information requested by the United States trustee pursuant to the Guidelines . . . as necessary to properly supervise the administration of a chapter 11 case." Local Rule 2015-2(b)(2) requires debtors in possession to file monthly operating reports by the

(continued...)

2

Chapter 11 Debtors in Possession ("Guidelines"). Moore's violations included her failure to file all required operating reports, timely proof of prepetition bank account closures, and a 90-day projection of cash flow, and, as later was identified, her failure to open debtor in possession accounts.

Moore did not timely oppose the Dismissal Motion. And before the hearing, the bankruptcy court issued a tentative ruling granting it and dismissing the case with a 180-day refiling bar based on Moore's compliance deficiencies, history of five dismissed bankruptcy cases in the prior nine years, and lack of any meaningful progress in the case. The tentative discussed and rejected the option of conversion.

But despite the lack of a written response, Moore's counsel attended the hearing. And notwithstanding the severity of the non-compliance, the bankruptcy court granted Moore an additional month to cure her deficiencies. In return, Moore, through counsel, agreed that if she failed to do so, the UST could submit an application for case dismissal.

Following the hearing, the bankruptcy court entered its order ("Compliance Order") memorializing the agreement and providing that Moore must cure all compliance items "by no later than **July 18, 2019**," or the UST may apply for case dismissal with a 180-day bar, without further

---

[3](...continued)
fifteenth day of the month following the month that is the subject of the report.

notice and hearing.

Moore did not appeal or otherwise contest the Compliance Order. She then failed to provide proof that she timely cured all deficiencies before the deadline,[4] and the bankruptcy court entered a dismissal order ("Dismissal Order").

Moore filed a motion to reconsider or vacate the Dismissal Order ten days after its entry. She: (I) emphasized that her first two bankruptcies had been filed without her permission; and (ii) provided an excuse for failing to close her prepetition bank accounts. For reasons carefully articulated in its order ("First Reconsideration Order"), the bankruptcy court denied the motion.

Then, eighteen days after entry of the First Reconsideration Order, Moore filed a second reconsideration motion, which again requested that the Dismissal Order be vacated and that the previous denial of reconsideration be vacated. This motion described Moore's efforts and difficulties in opening debtor in possession bank accounts, as well as her communications with the UST's office concerning the status of her compliance. But she failed to state a legal basis for her motion or to dispute that she failed to close her prepetition bank accounts and to provide the

---

[4] Moore's counsel informed the UST's office that Moore had opened a debtor in possession account by the deadline, but shortly after, she had to search for another bank after one financial institution unexpectedly closed her account.

UST with a ninety-day cash flow projection.

The bankruptcy court issued a memorandum decision and order denying this renewed reconsideration request ("Second Reconsideration Order"). The bankruptcy court found that Moore did not present any new facts or previously unavailable evidence warranting reconsideration. In addition, the bankruptcy court found that Moore failed to adequately explain her inability to satisfy each requirement of the Compliance Order.

Moore timely appealed the Second Reconsideration Order.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A).

Moore did not timely appeal from the Dismissal Order and First Reconsideration Order; we thus lack jurisdiction to hear any appeal related to those orders. *See* Rule 8002(b)(1); *Dobard v. S.F. Bay Area Rapid Transit Dist.*, No. 93-17293, 56 F.3d 71, 1995 WL 309554, at *1 (9th Cir. Mar. 19, 1995) (interpreting Fed. R. App. P. 4(a)(4)). "An appeal from an order denying a [Civil Rule] 60(b) motion brings up for review only the correctness of that denial and does not bring up for review the final judgment."[5] *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 866 (9th Cir. BAP

---

[5] Although the Rules do not specifically permit a motion to vacate case dismissal, we construe Moore's second reconsideration motion as a motion for relief from order under Civil Rule 60(b), made applicable by Rule 9024, because it was filed more than

(continued...)

2004) (internal citation and quotation marks omitted). Accordingly, our review is limited to the Second Reconsideration Order. *Id.*

## ISSUE

Did the bankruptcy court abuse its discretion in denying Moore's second reconsideration motion?

## STANDARD OF REVIEW

We review the denial of a Civil Rule 60(b) motion for relief from judgment for an abuse of discretion. *In re Fernandez*, 227 B.R. at 177. A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm on any basis supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008).

## DISCUSSION

While not raised by Moore, we observe that the bankruptcy court

---

[5](...continued) fourteen days after entry of the First Reconsideration Order. *See Fernandez v. GE Capital Mortg. Servs., Inc. (In re Fernandez)*, 227 B.R. 174, 177 (9th Cir. BAP 1998), *aff'd*, 208 F.3d 220 (9th Cir. 2000). Had the motion been filed within fourteen days of entry of the First Reconsideration Order, then it would have been considered a motion for reconsideration under Civil Rule 59, made applicable by Rule 9023. *Negrete v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (9th Cir. BAP 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996).

incorrectly identified Civil Rule 59(e), and not Civil Rule 60(b), as governing Moore's second reconsideration motion. As discussed *supra*, because it was filed more than fourteen days after entry of the order, it was a Civil Rule 60(b) motion. *In re Negrete*, 183 B.R. at 197. Any resulting error, however, was harmless; the record and the bankruptcy court's findings adequately support its denial.

Moore fatally failed to identify grounds under, and indeed did not even cite to, Rule 9024 and Civil Rule 60(b) in her second reconsideration motion. Similarly, she did not provide any statutory or other legal authority for her requested relief. Also, she provided no evidence justifying her failure to completely comply with the Compliance Order. The new arguments and evidence she submitted were known and available to her before the Dismissal Order was entered; they could not be grounds for Civil Rule 60(b) relief. *Marlyn Nutraceuticals Co., Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Rather, Moore used her reconsideration motions to reargue the UST's Dismissal Motion. Civil Rule 60(b) provides no basis for reconsideration of issues already raised and ruled upon based on facts that were otherwise available when originally briefed. *See In re Negrete*, 183 B.R. at 197.

On appeal, Moore begins her argument with misstatement; she alleges that in seeking the Dismissal Order the UST failed to acknowledge that she had obtained a debtor in possession bank account before her

July 18, 2019 compliance deadline. This is factually inaccurate; the UST's application for the Dismissal Order discussed her difficulties in opening an account, and the bankruptcy court mentioned this contention in its memorandum decision. It, nevertheless, found that Moore's attempt to open and maintain debtor in possession accounts "is not an adequate explanation for her inability to satisfy other requirements, such as closing of all pre-petition accounts."[6] We agree. The bankruptcy court's findings that Moore did not timely comply with the reporting requirements mandated by the Compliance Order in multiple other respects are supported by the record.

Moore's opening brief on appeal also contains a number of additional arguments regarding the validity of the Dismissal Order, which were waived by Moore's failure to include them in her reconsideration motions, *see In re Mortg. Store, Inc.*, 773 F.3d at 998, or are legally insufficient.

First, the bankruptcy court dismissed the case under the Compliance Order; it did not rely on cause based on a substantial or continuing loss to the estate, gross mismanagement, or failure to timely file a disclosure statement or plan. Second, the record is clear that the bankruptcy court appropriately considered the best interests of the creditors and estate when

---

[6] Moore's opening brief also includes unsubstantiated musings regarding the financial institution's motivations behind closing her debtor in possession accounts, which were not raised with the bankruptcy court and therefore will not be considered. *Mano-Y & M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 998 (9th Cir. 2014).

it decided to dismiss, rather than convert, the case. Third, she cannot assert a due process violation when the bankruptcy court utilized the procedures she agreed to in the Compliance Order. Finally, her challenge to imposition of the 180-day bar is precluded by the consensual terms of the Compliance Order and is moot as the 180-day period has expired. *See In re Fernandez*, 227 B.R. at 178.

## CONCLUSION

Based on the foregoing, we AFFIRM.