Teresa B. VILLAMAR, Appellant,

v.

Alan S. HERSH, Esq.;, Appellee,

Teresa B. Villamar, Debtor—In re:.

No. 01–56073.

D.C. No. CV–00–02570–JTM(JFS).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2002 *.

Decided June 18, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Teresa B. Villamar appeals from the district court's order, which affirmed the bankruptcy court's dismissal of her adversary complaint for failure to state a claim under Bankruptcy Rule 7012(b) and award of sanctions. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

I. Issue Preclusion

■■■■ Villamar is precluded from relitigating the issue of whether the lien was discharged in bankruptcy. The doctrine of issue preclusion prevents relitigation of all "issues of fact or law that were actually litigated and necessarily decided" in a prior proceeding. *Segal v. American Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir.1979). Issue preclusion applies if: (1) Villamar was afforded a full and fair opportunity to litigate the same issue in the prior action; (2) the issue was actually litigated and decided against Villamar in a final decision; and (3) the issue was necessary to support the judgment. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir.1992); *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir.1988).

Here, each of the requisites for issue preclusion are met. Villamar brought a motion that directly put at issue whether Hersh's lien was a judicial lien or a nonavoidable security interest. The bankruptcy court considered "whether the lien of [Hersh] is a judicial lien or a security interest," and concluded that the lien was, in fact, a consensual security interest. It also determined that Hersh's lien was nonavoidable, and denied Villamar's motion. Villamar did not seek reconsideration before the bankruptcy court or appeal from its decision that Hersh had a consensual and binding security interest in her home. Issue preclusion was available, and neither the bankruptcy court nor the district abused its discretion in applying the doctrine. *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir.1994) (Whether issue preclusion is available is reviewed de novo, the application of issue preclusion is left to the district court's discretion.).

II. Post-discharge Conduct

■■■■ Villamar also argues that Hersh has violated the bankruptcy discharge by attempting to renew his lien through state court procedures. However, because the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

bankruptcy court found that the lien was not discharged by the bankruptcy, it follows that Hersh is free to maintain actions *in rem* in furtherance of the lien. The bankruptcy discharge, 11 U.S.C. § 524(a), "operates as an injunction against ... the employment of process, or an act, to collect, recover, or offset any [discharged] debt as a personal liability of the debtor." *Id.* "[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem.*" *Johnson v. Home State Bank,* 501 U.S. 78, 84, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). "[A] discharge in bankruptcy prevents the [creditor] from taking any action to collect the debt as a personal liability of the debtor .... however, [the debtors'] property remains liable for a debt secured by a valid lien." *In re Isom,* 901 F.2d 744, 745 (9th Cir.1990) (citations omitted). Because Hersh's post-discharge conduct in attempting to renew his lien through state court procedures constituted *in rem* actions, Hersh did not violate the bankruptcy discharge.

### III. Sanctions

■ Nor did the bankruptcy court abuse its discretion by imposing sanctions for the amount of attorney's fees and costs associated with bringing the motion to dismiss and presenting the sanctions motion, *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), as the district court correctly found. The purpose of Bankruptcy Rule 9011, which mirrors Federal Rule of Civil Procedure 11, is "to deter baseless filings in district court[s]." *Cooter & Gell,* 496 U.S. at 393, 110 S.Ct. 2447; *In re Grantham Bros.,* 922 F.2d 1438, 1441 (9th Cir. 1991). An argument contained in a motion is baseless or frivolous under Rule 9011 if it is unreasonable when viewed from the perspective of a competent attorney admitted to practice before the district court. *U.S. v. Stringfellow,* 911 F.2d 225, 226 (9th Cir.1990). Villamar's argument was both precluded by the bankruptcy court's prior determination and foreclosed, as stated by the district court, by a "fundamental principle of bankruptcy law, uniformly applied for more than one hundred years ... that consensual liens ... pass through bankruptcy unaffected by the discharge." *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886) ("[T]he discharge of [debtor] in bankruptcy did not release the lien of the mortgage."). There was no reasonable basis in law or fact for the adversary complaint. As the bankruptcy court correctly explained to Villamar's attorney—even as Villamar continued to maintain her position—the argument was both precluded and foreclosed.

AFFIRMED.