MEMORANDUM *
After Captain Blythers, Inc. (“CBI”) defaulted on its confirmed Chapter 11 reorganization plan, the bankruptcy court converted the Chapter 11 proceeding to a Chapter 7 proceeding. The trustee then *709 sought a declaration from the bankruptcy court that an adversary proceeding commenced by CBI against its landlord belonged to the Chapter 7 bankruptcy estate. The bankruptcy court granted summary judgment in favor of the trustee and the Bankruptcy Appellate Panel (“BAP”) upheld that decision. Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.), 311 B.R. 530 (9th Cir.BAP (Cal.) 2004). We affirm.
We conduct de novo review of a BAP decision, Burnett v. Resurgent Capital Servs. (In re Burnett), 435 F.3d 971, 975 (9th Cir.2006), and independently review a bankruptcy court’s ruling on appeal from the BAP. Miller v. Cardinale (In re DeVille), 361 F.3d 539, 547 (9th Cir.2004). A grant or denial of summary judgment by a bankruptcy court is also reviewed de novo. Thrifty Oil Co. v. Bank of Am. Nat’l Trust & Sav. Ass’n, 322 F.3d 1039, 1046 (9th Cir.2003); Prestige Ltd. P’shp. v. E. Bay Car Wash Partners (In re Prestige P’ship-Concord), 234 F.3d 1108, 1112-14 (9th Cir.2000).
CBI argues that the bankruptcy court’s conversion of the case from Chapter 11 to Chapter 7 did not vest the adversary proceeding in the Chapter 7 estate. Maintaining that the adversary proceeding belongs to the Chapter 7 estate, the trustee cites our holding in Pioneer Liquidating Corporation v. United States Trustee (In re Consol. Pioneer Mortg. Entities), 264 F.3d 803, 807-08 (9th Cir.2001), that a bankruptcy court must review a confirmed reorganization plan to determine whether any assets from the Chapter 11 estate have carried over to the Chapter 7 estate. The trustee asserts that the plan at issue provided that any recovery from the adversary proceeding would be reserved for and paid to CBI’s creditors.
Where, as here, the confirmed plan contains no explicit provision regarding the consequences of a conversion to Chapter 7, we must decide whether certain assets have been incorporated in the Chapter 7 estate based on the plan’s inclusion of two components: (1) a provision reserving distribution of future proceeds to creditors and (2) a provision giving the bankruptcy court broad powers to oversee the implementation of the plan. Id. at 807. The plan explicitly reserves for the creditors any future benefits from the adversary proceeding, stating that “[a]ny claims in favor of the Debtor ... shall be fully reserved and may be enforced by the reorganized Debtor for the benefit of creditors in order of priority following confirmation of the Plan.” The plan also provides that “[t]he Bankruptcy Court shall retain jurisdiction to construe and enforce the Plan, resolve claims and other controversies, and enter appropriate orders concerning the bankruptcy case.”
Guided by our decision in Pioneer, we conclude that the language and purpose of CBI’s Chapter 11 reorganization plan provide these two necessary components, thus making the adversary proceeding a part of the Chapter 7 estate. Id. Accordingly, the BAP correctly upheld the bankruptcy court’s decision that the adversary proceeding is the rightful property of the Chapter 7 estate.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.